DIAMOND STATE IRON Co., d. b. a. *vs.* DRAPER V. BELL, p. b. r.

New Castle County, February Term, 1897.

**Master and Servant. Wages. Forfeiture. Contract.**—A rule of a manufacturing company requiring two weeks notice of any one who desires to give up his position with a provision that in default of such notice there shall be a forfeiture of the wages due at the time of leaving, is reasonable and if assented to by the employee, would be a part of the contract and he would be bound by it.

**Same.**—In such case if the employee leaves the service without giving the notice required he cannot recover the amount of the wages due him.

**Same.**—The assent of the employee may be either express or implied. If the rules were read and made known to him, and he made no objection thereto, but entered into the employment of the company with a full knowledge that such rules were in force, the law implies assent, and his employment would be subject to such rules.

This was an appeal to recover the sum of $10.50 with interest from July 1, 1896, an alleged balance due plaintiff below respondent for work and labor performed.

It appeared at the trial that Draper V. Bell, plaintiff below respondent, began work for the Diamond State Iron Company on

June 8th, 1896, and worked until June 30, 1896, when he left without giving the said company any notice or making any arrangements with it. He was paid for the work of the first week ending June 13th, on June 20th, and was paid for work of the second week ending June 30, on July 3rd, on July 10th, which was Friday, he received an envelope upon which was written "D. V. Bell, see Mr. Gher." He saw him and Mr. Gher said he would not pay him because he had left without giving two weeks' notice. Bell had worked for the company in September, 1885, and when he entered their employment the following rule was read to him: "Any one wishing to give up his position will be required to give two weeks' notice to the foreman of his intention to do so (unless he can arrange with him for shorter notice), and the same notice will be given to all that properly attend to their duties. Any one leaving without such notice or arrangement shall forfeit the amount of wages due him at that time." He left on this occasion without giving the company notice or without making any arrangement with them, but they paid him in full. The same rule was read to him at the end of the second week of his employment in June, 1896.

*H. H. Ward,* for the plaintiff below.

*L. C. Vandegrift,* for defendant below.

LORE, C. J., (charging the jury.)

This is an action brought by Draper V. Bell against the Diamond State Iron Company, the defendant, to recover the sum of $10.50, with interest from July 1, 1896, being, as he alleges, a balance due him for work and labor performed for the defendant company.

The plaintiff claims that he was engaged by the defendant to work for it at nine dollars a week, and that he worked for three weeks and two days—from June 8th to June 30th, 1896; that at the regular pay-days he was paid at the rate of eight dollars per week for the first two weeks, and that after such payment he con-

tinued to work one week and two days. He then left the employ of the defendant, and now sues for the wages for the last named time—one week and two days.

The defendant admits that the work was done, but claims that plaintiff cannot recover this balance, because he left the employment of the company without giving two weeks' notice thereof, as he was bound to do under the rules of the company.

The case seems to turn largely upon this point.

The rule in question is the fourteenth of the published rules of the company, which is as follows:

"Any one wishing to give up his position will be required to give two weeks' notice to the foreman of his intention to do so (unless he can arrange with him for a shorter notice), and the same notice will be given to all that properly attend to their duties. Any one leaving without giving such notice or arrangement, shall forfeit the amount of wages due him at that time."

The company had a right to make such rules for the proper conduct of its business, and if the rule was assented to by this plaintiff at the time of his employment, it would be a part of the contract, and he would be bound by it; and if he left without giving notice required, he would forfeit the amount of wages then due and could not recover in this action.

This assent may be either express or implied. If the rules were read and made known to him, and he made no objections thereto, but entered into the employment of the company with a full knowledge that such rules were in force, the law implies assent, and his employment would be subject to such rules.

So that, if you believe that at the time of the employment of the plaintiff by the defendant, or at any time before the work sued for was actually done, the company made known to him its rules, and he had knowledge thereof and expressly or impliedly assented thereto, and he left without giving the company two weeks' notice,

your verdict should be for the defendant; if you believe otherwise, for the plaintiff.

*Verdict for the plaintiff below.*

Thereupon the defendant below, by its attorney, moved the Court that the above verdict be set aside and a new trial granted, for the following reasons:

1. That the verdict was against the law.

2. That the verdict was against the weight of the evidence.

3. That the evidence for the defendant was sufficient to entitle it to a verdict and to bar the plaintiff's claim.

The Court granted a new trial.